IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17CV60061

MGRD, INC.,

Plaintiff,

v.

WAIORA, LLC and WAIORA
INTERNATIONAL, LTD.,

Defendants.

---

## COMPLAINT

Plaintiff MGRD, Inc. ("Plaintiff") sues defendants Waiora, LLC and Waiora International, Ltd. (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Broward County, Florida.

2. Waiora, LLC is a Florida limited liability company with its principal place of business located at 7835 NW Beacon Square Boulevard, Boca Raton, FL 33487. Waiora's members are citizens and residents of the State of Florida and North Dakota.

3. Waiora International, Ltd. is, upon information and belief, a Bahamas limited liability corporation that maintains its principal place of business at 7835 NW Beacon Square Boulevard, Boca Raton, FL 33487.

4. Waiora, LLC and Waiora International, Ltd. are commonly-owned entities that share employees, owners, directors, and officers, operate from the same premises, and engage in the same business.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 against Defendants. This Court has supplemental or pendant jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. §1367 because such claims are so related to Plaintiff's federal misappropriation of trade secrets claim that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b)(1) because both Defendants are residents of the State of Florida and residents of this judicial district. Venue is also appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) because the events that gave rise to this complaint occurred in this district.

7. This Court has jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a)(1) because they operate, conduct, engage in, or carry on a business or business venture in this state and have an office in this state from which they transact business. This Court also has jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a)(2) because they committed a tortious act in this state. This Court also has jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a)(7) because they breached a contract in this state by failing to perform acts required by the contract to be performed in this state. This Court also has jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(2) because they are engaged in substantial and not isolated activity within this state.

## BACKGROUND

8. On or about July 7, 2011, Wellness Industries, Inc. (as licensor) and Waiora International, Ltd. (as licensee) entered into a license agreement (the "License Agreement")


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

whereby Wellness Industries, Inc. agreed to license certain intellectual property to Waiora International, Ltd. in exchange for the payment of certain fees. A true and correct copy of the License Agreement is attached hereto as Exhibit "A."

9. The License Agreement acknowledges that Wellness Industries, Inc. was the creator, sole owner, producer and manufacturer of a liquid activated zeolite product (the "Product") and the sole owner of all formulations and manufacturing-production process specifications that are used to create and produce the Product (collectively, the "Product IP").

10. The License Agreement grants Waiora International, Ltd. an exclusive license, during the five-year term of the agreement, to use the Product IP for the purpose of manufacturing, having manufactured, marketing, importing, using, offering for sale, selling, and distributing the Product (in certain channels).

11. In exchange for the license, Waiora International, Ltd. agreed to pay Wellness Industries, Inc. a per unit fee for each bottle of Product sold during the term of the License Agreement. The License Agreement also specifies certain minimum license fees, providing that the license fees paid to Wellness Industries, Inc. would not fall below a threshold level every month and, if they did, Waiora International, Ltd. was responsible for payment of the difference.

12. On January 25, 2012, Waiora, LLC, Erik J. Deitsch (Wellness Industries, Inc.'s owner), and others were named as defendants in a putative class action lawsuit (the "Putative Class Action Lawsuit") (Waiora International, Ltd. was added later as a defendant) regarding the Product. That lawsuit was filed in the United States District Court for the Southern District of Florida.

13. Waiora, LLC and/or Waiora International, Ltd. agreed to pay for Mr. Deitsch's legal fees incurred in connection with the Putative Class Action Lawsuit.


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

14. In connection with the settlement of the Putative Class Action Lawsuit, on or about January 7, 2013, Defendants, Mr. Deitsch, and Wellness Industries, Inc. executed a Memorandum of Understanding and Addendum to July 7, 2011 License Agreement (the "Addendum"). A true and correct copy of the Addendum is attached hereto as Exhibit "B."

15. The Addendum notes that, in connection with settlement of the Putative Class Action Lawsuit, Waiora, LLC agreed to contribute cash payments and the future supply of free product in a manner that will result in a release and/or dismissal with prejudice of the claims asserted against Mr. Deitsch.

16. In exchange for this cash contribution/supply of free product, Wellness Industries, Inc. agreed to waive any right or claim to collect on any minimum license fees under the License Agreement that had been accrued (but not paid) as of January 7, 2013 and to waive any minimum fees for the twelve (12) month period following execution of the Addendum.

17. The Addendum provides that, at the expiration of the aforementioned twelve (12) month period, the parties shall renegotiate the terms of the minimum license fee and, if unsuccessful, it shall be set at the average of the monthly revenue from sales of the Product for the last three (3) months of the twelve (12) month period.

18. The Addendum does not otherwise alter or amend the terms of the License Agreement and does not provide for any change in ownership of the Product or the Product IP.

19. The parties did not renegotiate the minimum license fee and, therefore, it was set at the average of the monthly revenue from sales of the Product during the October 2013 – January 2014 time period. Upon information and belief, this averaged approximately $8,000 - $12,000 per month.

20. On or about April 15, 2013, Wellness Industries, Inc. (as assignor) and Plaintiff


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

(as assignee) entered into a Contract Assignment (the "Assignment") whereby Wellness Industries, Inc. assigned all of its rights, title, and interest in the License Agreement to Plaintiff. A true and correct copy of the Assignment is attached hereto as Exhibit "C."

21. From April 15, 2013 through the present date, Plaintiff has been the sole owner of the Product and Product IP and the licensor pursuant to the License Agreement.

22. Defendants have knowledge of the Assignment and have dealt with Plaintiff, for the preceding three years, as the licensor party under the License Agreement.

23. From January 7, 2014 (expiration of the twelve-month period specified in the Addendum) until July 7, 2016 (expiration of the five-year term of the License Agreement), Waiora International, Ltd. failed to pay the minimum license fee established by the Addendum. Rather, Waiora International, Ltd. paid Plaintiff only the per unit license fee for Product sold during a particular month, with each payment being substantially less than the minimum license fee established by the Addendum.

24. On or about July 7, 2016, the License Agreement expired pursuant to its own five-year term.

25. Pursuant to the License Agreement, Defendants were prohibited from manufacturing (or causing to be manufactured) any of the subject zeolite product following termination. Further, the License Agreement provides Defendants with a limited 180-day period following termination (until January 3, 2017) within which they may sell off any Product manufactured prior to termination but remaining in Defendants' inventory.

26. In approximately October 2016, Plaintiff and Defendants began negotiations to enter into a new, non-exclusive (without minimum license fees) agreement for the license of the Product and Product IP to Waiora International, Ltd.



DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

27. In connection therewith, Defendants sent Plaintiff an initial draft of a new license agreement (drafted by Defendants and/or their attorneys) which specifically provided and acknowledged that Plaintiff is, and shall at times remain, the owner of the Product and the Product IP.

28. To further induce Plaintiff to enter into the new license agreement, Defendants agreed to pay Plaintiff an “advance fee” of $50,000.00 as a signing bonus (not as a pre-payment of the license fees) within ten (10) business days of the execution of the new license agreement.

29. During the course of the parties’ negotiation, Plaintiff was approached by another distributor/manufacturer that indicated its desire to license the Product and Product IP on an exclusive basis with the payment of guaranteed minimum license fees.

30. Because Plaintiff was considering a potential exclusive license agreement, it notified Defendants on January 3, 2017 that it was no longer interested in continuing talks with them regarding a non-exclusive license (as Plaintiff could not grant both an exclusive and non-exclusive license for the same Product and Product IP).

31. Although Defendants are prohibited under the License Agreement from manufacturing (after July 7, 2016) and selling (after January 3, 2017) the Product, Plaintiff has recently learned from certain of Defendants’ distributors that Defendants are continuing to manufacture and sell the Product and utilize the Product IP.

32. Indeed, subsequent to January 3, 2017, Defendants have fulfilled and shipped orders for the Product to distributors/customers, notwithstanding being prohibited from doing so by the plain terms of the License Agreement.

33. Plaintiff has further learned that Defendants are telling their distributors and manufacturers that Defendants – not Plaintiff – own the Product and the Product IP and that


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

Plaintiff has no rights with respect to the zeolite products being sold by Defendants (all of which Defendants have been paying license fees to Plaintiff and/or Plaintiff's predecessor for more than five years).

34. Plaintiff has also recently learned that Defendants, through a related offshore/foreign entity and during the term of the License Agreement, likely sold the Product in Asia without paying Plaintiff any per unit license fee for sale of such Product (notwithstanding that the License Agreement provides that any Product sold through any related entity shall be counted in tabulating the license fee due Plaintiff).

35. All conditions precedent to the filing of this action have been performed, occurred, or been waived.

## CAUSES OF ACTION

### COUNT ONE – MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT OF 2016 (18 U.S.C. § 1836(b)(1)) (All Defendants)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as if fully alleged herein.

37. Plaintiff is the owner of a trade secret (the Product and the Product IP) that is related to a product or service used in, or intended for use in, interstate or foreign commerce. Indeed, Defendants have sold the Product (and other products utilizing the Product IP for which license fees have been paid to Plaintiff) under various trade names, including Natural Cellular Defense, Superior Fiber Blend, and MegaDefense.

38. Defendants sell these products directly through their website (https://shop.waiora.com/wfp/ngs_instore.home) and via a network of distributors both nationally and internationally.


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

39. Waiora International, Ltd. itself recognized the Product IP as a trade secret in the License Agreement, which states: "The parties acknowledge and agree that the Product IP is the Licensor's Confidential Information as well as a trade secret of Licensor, and shall be treated as such at all times by Licensee."

40. During the term of the License Agreement, Defendants obtained access to Plaintiff's confidential trade secret information, including product formulations, specifications, processes, and instructions.

41. As expressly acknowledged in the Agreement, Plaintiff considers these items to be confidential and proprietary trade secrets, and it has taken reasonable steps as part of its ongoing standard operating procedures to maintain the confidential nature of this information.

42. The License Agreement provides that, upon termination (which occurred in July 2016), the license provided therein automatically expires and Waiora International, Ltd. shall immediately cease use of the Product IP, and subject to the 180-day sell-off exception, shall cease any and all sales of the Product and any product or good that consists of the Product IP.

43. Following termination of the License Agreement and expiration of the 180-day sell-off period, Defendants have utilized and are continuing to utilize Plaintiff's confidential trade secret information to manufacture and sell the Product, notwithstanding that they have no right to do so.

44. Defendants are continuing to use Plaintiff's trade secret information with full knowledge that the License Agreement has terminated, that Defendants were obligated under the License Agreement to cease all use of the Product IP, and that Defendants originally acquired the trade secret information under circumstances giving rise to a duty to maintain the secrecy of the trade secret.


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

45. Indeed, the License Agreement specifically requires Waiora International, Ltd. to keep the Product IP confidential during the term of the License Agreement and to return the Product IP to Plaintiff upon termination of the License Agreement.

46. Defendants are maliciously and willfully using misappropriated confidential, proprietary, and trade secret information to their own advantage as evidenced by Defendants' own announcements to a network of distributors that they will disregard their obligations under the License Agreement and continue manufacturing/selling the Product and utilizing the Product IP as if it belonged to them.

47. As a result of Defendants' misappropriation and use of the confidential, proprietary and trade secret information, Defendants have violated the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836(b)(1)).

48. As a direct and proximate result of Defendants' violation of the Defend Trade Secrets Act of 2016, Plaintiff has sustained substantial damages in an amount that will be established at trial of this matter.

49. Defendants' actions in converting and misappropriating Plaintiff's confidential, proprietary and trade secret information for their own gain were willful, wanton, and malicious, and were taken with reckless disregard for the rights of Plaintiff.

50. Defendants' actions have caused and will continue to cause Plaintiff irreparable harm if not preliminarily and permanently enjoined.

51. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages, preliminary and permanent injunctive relief, prejudgment interest, an award of costs and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), and such other


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

relief as the Court deems just and proper.

**COUNT TWO – DECLARATORY JUDGMENT**
**(All Defendants)**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as if fully alleged herein.

53. Plaintiff has learned that Defendants are telling their distributors and manufacturers that Defendants – not Plaintiff – own the Product and the Product IP and that Plaintiff has no rights with respect to the zeolite products being sold by Defendants (all of which Defendants have been paying license fees to Plaintiff and/or Plaintiff's predecessor for more than five years).

54. Plaintiff asserts that it is the sole owner of the Product IP and the Product and that Defendants have no right to manufacture or sell the Product (or utilize the Product IP) without Plaintiff's express consent.

55. There is an actual, present and justiciable controversy between the parties. This dispute is ripe for adjudication and is not moot.

**WHEREFORE**, Plaintiff requests that the Court enter a declaratory judgment that, consistent with the plain terms of the License Agreement and the draft license agreement prepared by Defendants and their counsel, that Plaintiff is the owner of the Product and the Product IP and that Defendants have no right, title, or ownership interest in such.

**COUNT THREE – BREACH OF CONTRACT**
**(Waiora International, Ltd.)**

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as if fully alleged herein.

57. The License Agreement, as amended/supplemented by the Addendum, is a


DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

binding, enforceable contract existing between Plaintiff and Waiora International, Ltd.

58. Plaintiff fully performed all of its obligations under the License Agreement, namely, providing Defendant with the Product IP, manufacturing processes, instructions, and other documents necessary to manufacture/sell the Product.

59. The License Agreement, as amended/supplemented by the Addendum, requires Waiora International, Ltd. to pay certain guaranteed monthly minimum license fees to Plaintiff from January 2014 through termination (in July 2016).

60. Waiora International, Ltd. breached the License Agreement because, at no time from January 2014 through July 2016, it failed to pay Plaintiff the monthly guaranteed monthly minimum license fees as specified by the Addendum.

61. The License Agreement further provides that Waiora International, Ltd. may not manufacture (or cause to be manufactured) the Product or utilize the Product IP after termination of the License Agreement (which occurred on July 7, 2016). The License Agreement provides a limited 180-day sell-off period from July 7, 2016 (expiring on January 3, 2017) that Waiora International, Ltd. may continue to sell (and pay license fees to Plaintiff) any Product remaining in its inventory that was manufactured prior to termination of the License Agreement.

62. Waiora International, Ltd. breached these provisions of the License Agreement by manufacturing (or causing to be manufactured) the Product after July 7, 2016 and by continuing to sell the Product to customers/distributors after January 3, 2017.

63. Upon information and belief, Waiora International, Ltd. further breached the License Agreement by authorizing the product to be sold by a commonly-owned entity, under a different trade name, in Asia, without paying Plaintiff any license fees in connection therewith.

64. Waiora International, Ltd.'s breaches of the License Agreement are ongoing, and

have already caused and will continue to cause irreparable harm to Plaintiff if not preliminarily and permanently enjoined.

65. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Waiora International, Ltd. for compensatory damages, reasonable attorneys' fees, preliminary and permanent injunctive relief, prejudgment interest, and such other relief as the Court deems just and proper.

**COUNT FOUR – CONVERSION**
**(All Defendants)**

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as if fully alleged herein.

67. Defendants are in wrongful possession of Plaintiff's confidential and proprietary information (namely, the Product IP).

68. Defendants have wrongfully asserted dominion or control over Plaintiff's confidential and proprietary information in a manner inconsistent with Plaintiff's ownership and entitlement to such information.

69. Plaintiff has made a demand to Defendants for the return of its confidential and proprietary information and Defendants have, to date, refused to do so.

70. As a direct and proximate result of Defendants' conversion of Plaintiff's confidential and proprietary information, Plaintiff has sustained substantial damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, preliminary and permanent injunctive relief, prejudgment interest, and such other relief as the Court deems just and proper.

Dated: January 10, 2017.

DESOUZA LAW, P.A.
101 NE Third Avenue
Suite 1500
Fort Lauderdale, FL 33301
Telephone: (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq.______
Daniel DeSouza, Esq.
Florida Bar No.: 19291

4822-7329-2096, v. 1