IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60061-Bloom/Valle

MGRD, INC.,

      Plaintiff,

v.

WAIORA, LLC and WAIORA
INTERNATIONAL, LTD.,

      Defendants.

_____

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION TO DISQUALIFY DEFENDANTS' COUNSEL**

Plaintiff[1] hereby files this reply memorandum in further support of Plaintiff's Motion to

Disqualify Defendants' Counsel (the "Motion") [D.E. 22], and states as follows:

**INTRODUCTION**

Defendants' Response in Opposition to Motion to Disqualify Counsel (the "Opposition

Memorandum") [D.E. 31] takes a 'no big deal' approach to the serious allegations set forth in the

Motion.  According to Defendants, Plaintiff has no grounds to seek disqualification because

McDonald Hopkins did not previously represent Plaintiff.  Thus, counsel is free to betray the

confidences of a former client so long as that former client is not the party in the current lawsuit.

As set forth herein, that position finds no support in the law.  Defendants next contend that

Plaintiff cannot show a violation of a Rule of Professional Conduct because the Putative Class

Action Lawsuit was different than the current lawsuit and McDonald Hopkins did little

substantive work on Mr. Deitsch's behalf at the time.  Defendants, however, seem to miss the

_____

[1]    Terms not defined herein shall have the meaning ascribed to them in the Motion.

point. McDonald Hopkins represented Mr. Deitsch pursuant to a written retainer agreement in a lawsuit wherein McDonald Hopkins was tasked with defending the Product IP. Defendants now wish to employ McDonald Hopkins to attack the Product IP and advance an absurd theory that Defendants' 'new' products were developed while McDonald Hopkins was representing Mr. Deitsch. While McDonald Hopkins does its best to assert that it did not gain any client confidences during its representation of Mr. Deitsch, both the law and the facts state otherwise. Plaintiff is not seeking extraordinary relief – it simply does not want McDonald Hopkins attacking in this action what it was tasked with defending in the Putative Class Action Lawsuit.

## ARGUMENT

### I.     Attorney-Client Relationship

The Opposition Memorandum first argues that, because the Eleventh Circuit purportedly requires the party seeking disqualification to "prove that it once enjoyed an attorney-client relationship with the opposing lawyer,"[2] the Motion should be denied. According to Defendants, the analysis ends because McDonald Hopkins represented only Mr. Deitsch and NDA Consulting in the Putative Class Action Lawsuit – not Plaintiff. Defendants, however, are incorrect.

As federal courts in this State recognize, "[m]otions to disqualify counsel are governed by the standards of the Florida Rules of Professional Conduct." AppSoft Dev., Inc. v. Diers, Inc., No. 3:13-cv-1520-J-32JBT, 2014 U.S. Dist. LEXIS 64982, at *4 (M.D. Fla. May 12, 2014); see also Alan L. Frank Law v. OOO Rm Invest, No. 16-cv-22484, 2016 U.S. Dist. LEXIS 174206, at *2 (S.D. Fla. Dec. 16, 2016). Here, the Florida Rules of Professional Conduct specify that, "[w]here the conflict is such as clearly to call in question the fair or efficient administration

---

[2]      See Opposition Memorandum, p. 8.

of justice, opposing counsel may properly raise the question." See Fla. R. Prof. Cond. 4-1.9 (referring to comments to Fla. R. Prof. Cond. 4-1.7 regarding who may raise a conflict issue). As discussed in the Motion, the Florida Rules of Professional Conduct and those Florida courts interpreting such rules (including the Florida Supreme Court) clearly and unequivocally contemplate that a conflict may be raised by someone other than the former client.

Notably, in making the argument that only a former client may move to disqualify counsel, Defendants contend that they "have not challenged MGRD's standing to file its Motion."[3]  This, however, is precisely what Defendants challenge.  Any other interpretation would render the standing inquiry meaningless.  If Defendants are correct that only a former client can prevail on a motion to disqualify, then it is immaterial who does or does not have standing to file such a motion.  To accept Defendants' position would be to ignore the Florida Rules of Professional Conduct, cases (both federal and state) interpreting the Rules, and common sense altogether.  Indeed, Defendants attempt to do this by relegating discussion of Judge Altonaga's opinion in Shaw v. Broad & Cassel, No. 11-23689-CIV-ALTONAGA/Simonton, 2012 U.S. Dist. LEXIS 12054 (S.D. Fla. Feb. 1, 2012) to a footnote.  While Defendants recognize that Judge Altonaga granted a motion to disqualify filed by a party that was not the former client, they simply suggest that Judge Altonaga 'got it wrong.'  Notably, Judge Altonaga apparently also 'got it wrong' a second time in Bedoya v. Aventura Limousine & Transp. Serv., No. 11-24432-CIV, 2012 U.S. Dist. LEXIS 59862, at *12 (S.D. Fla. Apr. 30, 2012), in which counsel was disqualified for violation of Rule 4-1.9 on motion that was also not brought by former client.

Importantly, cases allowing a party that is not the former client to move for

---

[3]     Id. at p. 11.

DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

disqualification are not limited to the Florida courts and one Southern District judge.  Indeed, the

Eleventh Circuit itself has recognized a party's ability to move for disqualification based on an

identical Georgia rule of professional conduct:

> First, we are unpersuaded that the Defendants lacked standing to
> move for Counsel's disqualification.  A party who is not a former
> client of opposing counsel nevertheless has standing to raise the
> issue of opposing counsel's conflict of interest if there is "a
> violation of the rules which is sufficiently severe to call in question
> the fair and efficient administration of justice."

McGriff v. Christie, 477 F. App'x 673, 676-77 (11th Cir. 2012) (applying Georgia Rules of

Professional Conduct).  The Florida Rules of Professional Conduct, the Florida Supreme Court,

the Southern District of Florida, and the Eleventh Circuit itself do not require the party moving

for disqualification to be the former client if the conflict at issue "call[s] in question the fair or

efficient administration of justice."  Defendants may not like this law, but they cannot ignore it.

## II.      Substantial Relatedness

The Opposition Memorandum next argues that Plaintiff cannot show that the Putative

Class Action Lawsuit and this lawsuit are "substantially related."   Defendants contend that,

because McDonald Hopkins filed a limited number of documents in the Putative Class Action

Lawsuit, it "will not be attacking work that it previously did on behalf of Deitsch or NDA."[4]

The number of filings made by McDonald Hopkins, however, does not control the issue.

McDonald Hopkins represented Mr. Deitsch (the scientist who Defendants themselves proclaim

as the creator of their zeolite products) and NDA Consulting (a company wholly-owned by Mr.

Deitsch) in a lawsuit challenging the product formulation.  As set forth in Mr. Deitsch's

declaration, that representation included phone calls/meetings in which the Product, its

formulation/manufacture, and the Product IP were discussed in confidential attorney-client

---

[4]      Id.

communications.  Defendants in this case do not contend that they developed their 'current' formulations years prior or later – rather, their position in this lawsuit is that, while McDonald Hopkins was representing Mr. Deitsch and/or NDA Consulting, Defendants 'independently' developed their current formulations.

There is only one individual associated with Plaintiff, Wellness Industries, and NDA Consulting.  That person is Mr. Deitsch, McDonald Hopkins' former client who discussed his product formulations with McDonald Hopkins while its other client (Waiora) was purportedly developing something completely different.   While McDonald Hopkins was once tasked (pursuant to a formal/written retainer agreement) with defending Mr. Deitsch's formulations, it now apparently intends to attack them as 'smoke and mirrors' and useless. Given these facts, it is difficult to imagine how McDonald Hopkins' representation of Defendants in this action will not involve an attack on its prior representation of Mr. Deitsch and/or NDA Consulting – especially where the law is clear that an *irrefutable* presumption exists that McDonald Hopkins is in possession of Mr. Deitsch's confidential information (which, given its prior representation, can *only* consist of information concerning the Product IP).

### III.    Use of Confidential Information

Finally, the Opposition Memorandum boldly proclaims that McDonald Hopkins "has no confidential information that is relevant to the instant matter" and therefore it should not be disqualified pursuant to Rule 4-1.9(b) because McDonald Hopkins cannot use what it does not have.  Again, Defendants ignore both the *irrefutable* presumption that confidences were shared and the fact that Mr. Deitsch has provided a sworn declaration confirming that he disclosed confidential information regarding his product formulations to McDonald Hopkins.  Given that the same attorney who previously represented Mr. Deitsch (Alan Burger, Esq.) now intends to

DESOUZA LAW, P.A.
101 NE THIRD AVENUE, SUITE 1500 • FORT LAUDERDALE, FL 33301
TELEPHONE (954) 603-1340

confront him with allegations that the Product IP is nothing more than 'smoke and mirrors,' it is not particularly reassuring for McDonald Hopkins to hollowly promise that it will not use any of Mr. Deitsch's confidential information in this action.  This is especially problematic given Defendants' contention in this lawsuit that their 'new' product formulations were developed *during* McDonald Hopkins' representation of Mr. Deitsch.  McDonald Hopkins cannot simply erase from its memory the confidences that Mr. Deitsch shared while attacking Mr. Deitsch through the same attorney that previously represented him.

Dated: February 14, 2017.

DESOUZA LAW, P.A.
101 NE Third Avenue
Suite 1500
Fort Lauderdale, FL 33301
Telephone:  (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq._____
     Daniel DeSouza, Esq.
     Florida Bar No.:  19291

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

DESOUZA LAW, P.A.
/s/ Daniel DeSouza, Esq._____

4817-3267-3091, v. 1