UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

MGRD, INC.,

    Plaintiff,

v.

Case No:
17-cv-60061-BB/Valle

WAIORA, LLC AND WAIORA

INTERNATIONAL, LTD.,

*EXPEDITED BRIEFING AND RULING REQUESTED*

    Defendants.
_____/

## MOTION FOR PROTECTIVE ORDER TO EXCLUDE RIK DEITSCH FROM PORTIONS OF VM NUTRITIONAL, INC.'S DEPOSITION SCHEDULED FOR TUESDAY APRIL 4, 2017 AND TO PROTECT PLAINTIFF AND ITS OFFICERS, DIRECTORS, AGENTS FROM USING OR DISSEMINATING ANY CONFIDENTIAL INFORMATION OR TRADE SECRETS

Defendants, Waiora, LLC and Waiora International, LTD. (collectively "Waiora") by and through their undersigned counsel, hereby file this Motion for Protective Order to Exclude Rik Deitsch from Portions of VM Nutritional, Inc.'s Deposition scheduled for Tuesday, April 4, 2017 and to Protect Against Use of Waiora's Confidential, Proprietary or Trade Secret Information by Plaintiff, its Officers, Directors or Agents and states:

    1.    Plaintiff's Motion for Preliminary Injunction is scheduled for hearing on April 6, 2017.

    2.    The Deposition which is the subject matter of this Motion is scheduled to take place in Utah on April 4, 2017. (See Exhibit "A").

    3.    Plane tickets have already been purchased and accommodations arranged.

    4.    Simply stated, Plaintiff brought this action asserting Defendants are improperly using a formula for manufacturing liquid zeolite.

{6680521:2}

5. Originally, Mr. Deitsch's closely held company, Wellness Industries, Inc. ("Wellness") manufactured the product for Waiora

6. Due to supply and other problems, manufacturing was transferred from Wellness to an entity under direct contract with Waiora, VM Nutritional, Inc. ("VM").

7. Plaintiff subpoenaed VM to appear for deposition.

8. In response to this subpoena, VM has designated a scientist, Mr. Steve Evans to testify. In fact, upon information and belief there is a closeness of identity between VM and Mr. Evans such that hereafter they will collectively be referred to as VM. (See D.E. 16)

9. At the time of the transition from Wellness to VM, Wellness provided VM with information related to manufacturing of a liquid zeolite product.

10. However, VM was unable to manufacture that product using what was supplied. As such VM came up with a different formula and different manufacturing process to create products which met label claims.

11. This impossibility and differentiation are amongst Waiora's defenses to Plaintiff's claims. In point of fact, Waiora is not using any formula or process provided by Wellness. (D.E. 16).

12. The undersigned believes that Plaintiff's counsel and Mr. Evans have been in contact.

13. It is believed that contact resulted in the Wednesday, March 29, 2017 unsolicited email in which Plaintiff's counsel advised that Plaintiff would not exclude Mr. Deitsch from those portions of the deposition which discuss formulas other than the information provided to VM by Wellness. Plaintiff's counsel writing:

> **From:** Daniel DeSouza [mailto:ddesouza@desouzalaw.com]
> **Sent:** Wednesday, March 29, 2017 9:47 AM

MGRD v. Waiora
Case No: 17-cv-60061-BB/Valle
Motion for Protective Order
Page 3

> **To:** Burger, Alan M.; Movius, David
> **Subject:** VM Nutritional deposition
>
> FYI – I am not agreeing to exclude Mr. Deitsch from attending the entire deposition of VM Nutritional next Tuesday (including any portion of the deposition discussing whatever formula/manufacturing process he claims is different from what Wellness provided). If you believe there is some basis to exclude him, then you need to file for and obtain a protective order (which you can indicate is opposed).

14. Upon belief, Mr. Evans has apparently indicated VM will not proceed to discuss specifics of the VM's formula if Mr. Deitsch is present; this last minute issue is very problematic in with respect to the conduct of upcoming deposition and hearing in that it could prevent Defendants from presenting certain impeachment evidence or evidence supporting its defenses.

15. Mr. Deitsch is not your "typical" lay witness. Like Mr. Evans he is a scientist. In fact Mr. Deitsch has an advanced degree in biochemistry. Further, inasmuch as testimony (D.E. 16) has already been adduced that VM could not produce liquid zeolite using Mr. Deitsch's formula and process, knowledge or information imparted upon Mr. Deitsch could be used by Mr. Deitsch and his companies to compete with both VM and Waiora.

16. As such, appropriate protections should be Ordered to prevent Mr. Desitsch from attending certain portions of VM's deposition and further preventing Plaintiff, its officers or directors or agents from using or disclosing documents or materials which VM/ or Waiora consider to be trade secret or confidential.

17. As indicated above, Plaintiff would not agree to the relief requested.

WHEREFORE Defendants respectfully request that this Court grant the relief requested herein and such other and further relief as this Court deems just and proper.

{6680521:2}

## LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion, and counsel for Plaintiff has agreed to the relief requested herein.

Dated this 29th day of March, 2017.

            MCDONALD HOPKINS
            Attorneys for Defendants
            Alan M. Burger, Esq.
            Florida Bar No. 833290
            aburger@mcdonaldhopkins.com
            ltimoteo@mcdonaldhopkins.com
            wpbpleadings@mcdonaldhopkins.com
            505 S. Flagler Drive, Suite 300
            West Palm Beach, Florida  33401
            Telephone:   (561) 472-2121
            Facsimile:    (561) 472-2122

            */s/ Alan M. Burger, Esq.*
            Alan M. Burger, Esq.
            Florida Bar No. 833290

*MGRD v. Waiora*
*Case No: 17-cv-60061-BB/Valle*
*Motion for Protective Order*
*Page 5*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2017 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on Daniel DeSouza, Esq., DeSouza Law, PA, 101 NE Third Avenue, Suite 1500, Fort Lauderdale, FL 33301 (ddsouza@desouzalaw.com) this day via CM/ECF.

                                                      By: */s/ Alan M. Burger, Esq.*
                                                         Alan M. Burger
                                                         Florida Bar No.: 833290

{6680521:2}

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60061-Bloom/Valle

MGRD, INC.,

    Plaintiff,

v.

WAIORA, LLC and WAIORA
INTERNATIONAL, LTD.,

    Defendants.
_____

**RE-NOTICE OF TAKING DEPOSITION OF THE CORPORATE
REPRESENTATIVE OF VM NUTRITIONAL, INC.**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff MGRD, Inc. ("Plaintiff") will take the deposition of the corporate representative(s) of non-party VM Nutritional, Inc., which shall designate one or more officers, directors, managing agents, or other persons who will testify on its behalf and be examined regarding the matters set forth on **Exhibit "A"** attached hereto, at the place, date and time indicated below. The deposition will take place upon oral examination(s), before a Notary Public in and for the State of Utah, or some other officer duly authorized by law to take depositions. The deposition(s) will continue from day to day until completed.

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Corporate Representative of VM Nutritional, Inc. | April 4, 2017 @ 9:00 a.m. EST | CitiCourt, LLC<br>236 S. 300 E.<br>Salt Lake City, Utah 84111 |

Dated: March 29, 2017.
                                                          DESOUZA LAW, P.A.
                                                          101 NE Third Avenue
                                                          Suite 1500

>                                                   Fort Lauderdale, FL 33301
>                                                   Telephone: (954) 603-1340
>                                                   DDesouza@desouzalaw.com
>
>                                                   By: /s/ Daniel DeSouza, Esq.
>                                                       Daniel DeSouza, Esq.
>                                                       Florida Bar No.: 19291

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2017, I served the foregoing document via e-mail on:

(1) aburger@mcdonaldhopkins.com; dmovius@mcdonaldhopkins.com; and breinhart@mcdonaldhopkins.com.

>                                                   DESOUZA LAW, P.A.
>
>                                                   By: /s/ Daniel DeSouza, Esq.
>                                                       Daniel DeSouza, Esq.

# EXHIBIT "A"

# DEFINITIONS

1. "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2. "Complaint" means the governing Complaint in the above-captioned action.

3. "Concerning" or "Regarding" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4. "Including" shall mean including but not by way of limitation.

5. "Lawsuit" means the above-captioned case, currently pending in the United States District Court for the Southern District of Florida.

6. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

7. "Evans Declaration" refers to the January 30, 2017 Declaration of Steven Evans that was filed in this Lawsuit.

8. "License Agreement" refers to the July 7, 2011 License Agreement between Wellness Industries and Waiora International.

9. "Plaintiff" refers to plaintiff MGRD, Inc. and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

10.     "VM Nutritional," "You," and "Your" refers to VM Nutritional Inc. and includes any agents, servants and other persons acting or purporting to act on VM Nutritional's behalf (including, but not limited to, Steve Evans).

11.     "Waiora International" refers to defendant Waiora International, Ltd. and includes any agents, servants, subsidiaries, related entities, and other persons acting or purporting to act on Waiora International's behalf.

12.     "Waiora, LLC" refers to defendant Waiora, LLC and includes any agents, servants, subsidiaries, related entities, and other persons acting or purporting to act on Waiora, LLC's behalf.

13.     "Wellness Industries" refers to Wellness Industries, Inc. and includes any agents, servants and other persons acting or purporting to act on Wellness Industries' behalf.

14.     All words in the present tense include the past, and all words in the past tense include the present tense.

15.     As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

## DEPOSITION TOPICS

1.      The facts and circumstances supporting the Evans Declaration.

2.      Your communications with Rik Deitsch, Wellness Industries, and/or Plaintiff concerning the manufacture, development, formulation, and/or manufacturing process for creating any liquid zeolite product.

3.      Your communications with Waiora, LLC and/or Waiora International concerning the manufacture, development, formulation, and/or manufacturing process for creating any liquid zeolite product.

4.      Your manufacture of any zeolite product (including, but not limited to, Natural Cellular Defense, Superior Fiber Blend, and/or MegaDefense) for Waiora, LLC and/or Waiora International after July 7, 2016.

5.      Your development of a new and different formulation and a new and different manufacturing process for producing liquid zeolite, as alleged in Paragraph 6 of the Evans Declaration.

6.      Monies paid to you for your development of a new and different formulation and a new and different manufacturing process for producing liquid zeolite, as alleged in Paragraph 6 of the Evans Declaration.

7.      Your ability and/or inability to manufacture liquid zeolite products in accordance with the information provided by Rik Deitsch, Wellness Industries, and/or Plaintiff.

8.      Efforts by you to manufacture liquid zeolite products in accordance with the information provided by Rik Deitsch, Wellness Industries, and/or Plaintiff.

9.      All agreements with Waiora, LLC and/or Waiora International to assist either with formulating and producing a substitute liquid zeolite to use in their products.

10.     The differences between your "own formula and manufacturing process" (as alleged in Paragraph 8 of the Evans Declaration) and the formula and manufacturing process provided to you by Rik Deitsch, Wellness Industries, and/or Plaintiff.

11.     The manufacturing processes, ingredients, and formulation of the zeolite products that you manufacture for Waiora, LLC and/or Waiora International.

12.     Your communications with Rik Deitsch, Wellness Industries, Plaintiff, Waiora, LLC and/or Waiora International concerning the License Agreement.

13.     Your communications with Rik Deitsch, Wellness Industries, Plaintiff, Waiora, LLC and/or Waiora International concerning an inability to utilize the formulations and/or manufacturing processes provided by Rik Deitsch, Wellness Industries, and/or Plaintiff.

14.     Your communications with Waiora, LLC and/or Waiora International concerning the Lawsuit.

## DOCUMENTS YOU ARE REQUIRED TO BRING TO THE DEPOSITION

1.      All communications with Rik Deitsch, Wellness Industries, Waiora, LLC, and/or Waiora International concerning the manufacturing processes, ingredients, creation, and/or development of the zeolite component of any product sold by Waiora, LLC and/or Waiora International (including, but not limited to, Natural Cellular Defense, Superior Fiber Blend, and/or MegaDefense).

2.      All communications with Waiora, LLC, and/or Waiora International concerning the Lawsuit.

3.      All communications with Rik Deitsch, Wellness Industries, Waiora, LLC, and/or Waiora International concerning the License Agreement.

4.      All communications concerning any manufacturing processes, flow charts, instructions, and/or procedures provided and/or sent by Rik Deitsch, Wellness Industries, and/or Plaintiff.

5.      A copy of any manufacturing and/or supply agreement between you and Waiora, LLC and/or Waiora International.

6.      Documents sufficient to identify all monies paid to VM Nutritional and/or Steve Evans for the creation of new formulations and different manufacturing processes to use in Waiora, LLC and/or Waiora International's zeolite products.

7. A copy of all manufacturing processes, flow charts, instructions, and/or procedures used to create and/or manufacture any liquid zeolite product for Waiora, LLC and/or Waiora International.

8. All documents and communications concerning your ability and/or inability to manufacture liquid zeolite products in accordance with the information provided by Rik Deitsch, Wellness Industries, and/or Plaintiff.

9. All documents and communications concerning efforts by you to manufacture liquid zeolite products in accordance with the information provided by Rik Deitsch, Wellness Industries, and/or Plaintiff.

10. All documents and communications supporting the contention, in Paragraph 6 of the Evans Declaration, that "in early 2012, I was able to generate a new formulation and new manufacturing process for producing liquid zeolite that met the quality and quantity requirements as listed on the label of the product."

11. All documents and communications in which you notify Wellness Industries, Plaintiff, and/or Mr. Deitsch that you generated a new and different formulation and a new and different manufacturing process for producing liquid zeolite.

12. Documents sufficient to identify the number of units of Natural Cellular Defense, Superior Fiber Blend, and/or MegaDefense manufactured after July 7, 2016.

4846-5890-7974, v. 1